UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
SOLARCITY CORPORATION,                                    }
                                                          }
                Plaintiff,                                }
vs.                                                       } Civil Action No. 1:15-13406-RGS
                                                          }
SEABOARD SOLAR OPERATIONS, LLC,                           }
STUART LONGMAN, and DOES 1 and 2,                         }
                                                          }
                Defendants.                               }
---------------------------------------------------------------X
SEABOARD SOLAR OPERATIONS, LLC,                           }
STUART LONGMAN, MATTHEW LONGMAN                           }
                                                          }
                Counterclaim Plaintiffs                   }
vs.                                                       }
                                                          }
SOLARCITY CORPORATION                                     }
                                                          }
                Counterclaim Defendant                    }
---------------------------------------------------------------X

**SOLARCITY MOTION AND INCORPORATED MEMORANDUM TO
ENFORCE SETTLEMENT AGREEMENT BY ENTERING IT AS A
<u>STIPULATED ORDER PRIOR TO DISMISSAL OF THE CASE</u>**

SolarCity Corporation ("**SolarCity**") moves the court to enter the parties' Settlement Agreement as a stipulated Order prior to dismissing this lawsuit per the agreed terms of the settlement. This motion is necessitated because Seaboard Solar Operations, LLC ("**Seaboard**"), Stuart Longman and Matthew Longman (jointly, "**Longmans**"), seek to frustrate the terms of the Settlement Agreement by having the case dismissed before effectuating the parties' clear agreement that it first be entered as a stipulated order of the Court. In support of this Motion, SolarCity states as follow:

1. On November 2, 2015, the Court referred this matter to Alternative Dispute Resolution. Dkt. 25.

2. On December 8, 2015, a successful mediation was held before Magistrate Judge Robert B. Collings. Dkt. 32.

3. The mediation resulted in settlement as reported by Magistrate Judge Collings on December 9, 2015. Dkt. 34.

4. A copy of the executed Settlement Agreement, which is attached as **Exhibit A** to this motion, has been filed under seal. A courtesy copy of the Settlement Agreement is being sent to chambers for the Court's review.

5. Late in the evening on December 8, 2015, the Settlement Agreement was signed by all parties except Matthew Longman, who did not attend the mediation. Stuart Longman (Matthew's father) and his counsel undertook to obtain Matthew Longman's signature.

6. Paragraph 23 of the Settlement Agreement provides for the Court to "enter this [Settlement] Agreement as a stipulated order of the Court."

7. Paragraphs 2(c) of the Settlement Agreement provides for the dismissal, with prejudice, of all claims brought by Seaboard and the Longmans upon execution and delivery of the Settlement Agreement.

8. Paragraph 2(d) of the Settlement Agreement provides for the dismissal without prejudice (and subject to Paragraph 23), of all claims brought by SolarCity upon execution and delivery of the Settlement Agreement.

9. On December 10, undersigned counsel sent an email to counsel for Seaboard (Mark Stern and Stephen Spelman), attaching a proposed joint motion for entry of the Settlement Agreement as a stipulated order and asking when SolarCity would receive an executed copy of the Settlement Agreement from Matthew Longman.

10. On December 10, counsel for Seaboard (Mr. Stern) represented that the Matthew Longman document was "our [sic] for signature" and, as to the proposed joint motion for entry of the Settlement Agreement as a stipulated order, stated: "I am not sure your motion is contrary to the consents to dismiss and advice of Judge Colings [sic]."

11. On December 11, undersigned counsel for SolarCity responded to Mr. Stern by email as follows, in relevant part:

> I assume you meant below that the final execution by Matthew Longman has been sent out to him for signature? Please advise when we will receive it and send an electronic copy in the interim. . . . Regarding entry of the settlement as a stipulated order, Paragraph 23 of the Settlement Agreement provides for that to be done. Let me know if the draft I sent yesterday to that effect is acceptable or call me to discuss it if you are taking a contrary position.

12. Mr. Stern did not respond (ever) to this December 11 email.

13. On December 16, Stuart Longman sent by email to Fred Norton (in-house counsel for SolarCity) an electronic facsimile copy of Matthew Longman's signed Settlement Agreement.

14. Given this development, and having not heard from counsel for Seaboard or the Longmans (Mr. Stern or Mr. Spelman) about the entry of the Settlement Agreement as a court order, undersigned counsel sent another email on Wednesday, December 16, to Mr. Stern, Mr. Spelman, and Stuart Longman that included the following request:

> We still need to resolve the filing of the Settlement Agreement as an order of the court. Last Thursday, I sent you a proposed joint motion to that effect. That draft is again attached to this email. In the chain below is our subsequent email correspondence on that issue. I did not hear from you since my email from last Friday [December 11] . . . .
>
> It should be unnecessary given the clear language of the Section 23 of the Settlement Agreement, but we can file a motion with the court to enforce that term of the Settlement Agreement that it be entered as a court order. I look forward to your prompt response.

15.     Late in the day on Friday, December 18, opposing counsel (Mr. Spelman) called undersigned counsel to inquire why a stipulation of dismissal had not been filed. Undersigned counsel referred him to the several emails and draft that had been sent to him about the entry of the Settlement Agreement as a stipulated order and inquired as to his clients' position on that filing. Mr. Spelman would not answer that question, stating that he had not been really involved in the matter since the December 8 mediation and settlement and then returned to his questioning as to why the dismissal had not been filed. Undersigned counsel again asked Mr. Spelman for his client's position on proposed joint filing to enter the Settlement Agreement as a stipulated order, in response to which he said that he would have to speak with his clients.

16.     It appears to SolarCity that Seaboard and the Longmans are attempting to avoid having the Settlement Agreement entered as a stipulated order of the Court despite the clear term to that effect in Paragraph 23 of the Settlement Agreement. Instead, they apparently seek to rush the dismissal of this action before the Settlement Agreement can be entered as an order as the parties had agreed.

17.     SolarCity has sought for almost two weeks now to ensure that the Settlement Agreement is entered as a stipulated order of the Court and then to obtain the timely dismissal of this lawsuit, all as provided in the Settlement Agreement.

18.     For the foregoing reasons, SolarCity moves this Court to enter as a stipulated order the Settlement Agreement attached as **Exhibit A**.

19.     A proposed order is attached.

20.     Upon entry of the Settlement Agreement as an order of the Court per the parties' agreement, SolarCity consents to the dismissal of its claims pursuant to terms in Paragraphs 3(d) of the Settlement Agreement.

Dated:  December 21, 2015                    Respectfully submitted,

**SOLARCITY CORPORATION,**

By its attorneys,

/s/ *Andrew C. Phelan*
Andrew C. Phelan (# 643160)
Elizabeth M. Sartori  (# 672577)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts 02110
(617) 951-8000
andrew.phelan@morganlewis.com
elizabeth.sartori@morganlewis.com

## CERTIFICATE OF SERVICE

I, Andrew C. Phelan, hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 21, 2015.

/s/ *Andrew C. Phelan*
Andrew C. Phelan, Esq.

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that on December 10, 11, 16, and 18, 2015, I had the communications recounted in Paragraphs 10 through 16 above in an effort to avoid the need for this motion, but without success. Those paragraphs are incorporated herein by reference.

/s/ *Andrew C. Phelan*
Andrew C. Phelan, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------------X
SOLARCITY CORPORATION,                      }
                                            }
              Plaintiff,                    }
vs.                                         } Civil Action No. 1:15-13406-RGS
                                            }
SEABOARD SOLAR OPERATIONS, LLC,             }
STUART LONGMAN, and DOES 1 and 2,           }
                                            }
              Defendants.                   }
-------------------------------------------------------------X
SEABOARD SOLAR OPERATIONS, LLC,             }
STUART LONGMAN, MATTHEW LONGMAN             }
                                            }
              Counterclaim Plaintiffs       }
vs.                                         }
                                            }
SOLARCITY CORPORATION                       }
                                            }
              Counterclaim Defendant        }
-------------------------------------------------------------X
```

## [PROPOSED] ORDER

For the reasons stated in the SolarCity Motion To Enforce The Settlement Agreement By Entering It As a Stipulated Order Prior To Dismissal of the Case ("**Motion To Enforce Settlement Agreement**"), the record herein, and based on this Court's review of the Settlement Agreement, IT IS HEREBY ORDERED, that the Settlement Agreement attached as Exhibit A to SolarCity's Motion To Enforce Settlement Agreement, and filed therewith under seal, is entered as a stipulated order of the Court.

SO ORDERED

Dated this _____ day of _____, 2015.

_____